OPINION
{¶ 1} Appellant Richard Allen appeals from his conviction of domestic violence and for the sentence imposed in a previous domestic conviction as a result of a probation revocation. The facts underlying this appeal are set out in the State's brief and are not in dispute.
 {¶ 2} On August 16, 2004, appellant Richard Jason Allen was charged by indictment with two counts of domestic violence and one count of abduction in case number 04-CR-2568. (Docket Entry 2) On November 1, 2004, Allen entered a plea of guilty to one count of domestic violence and abduction. (Docket Entries 12 and 13) On November 30, 2004, the trial court sentenced Allen to five years of community control sanctions. (Docket Entry 13) No direct appeal was taken.
 {¶ 3} On July 18, 2005, a notice of revocation was filed with reference to an arrest which precipitated an indictment on July 29, 2005, with another count of domestic violence in case number 2005-CR-2687. (Docket Entry 5) On September 8, 2005, Allen entered a guilty plea to domestic violence as charged. (Docket Entry 17) At that plea hearing, it was understood by the parties that Allen was present in court facing new charges in case number 05-CR-2687 and a probation revocation in case number 04-CR-2568. (05-CR-2687, Tr. 2) The trial court informed Allen that he would also be sentenced in his previous case number 04-CR-2568 and that the sentences would definitely run consecutively. (Id. At 3-4) Allen indicated that he understood. (Id.)
 {¶ 4} On September 22, 2005, the trial court sentenced Allen to 15 months in case number 05-CR-2687, and revoked Allen's probation and sentenced him to one year on the abduction charge and six months on the domestic violence charge in case number 04-CR2568. (Id., at 13-15) This sentence was ordered to run concurrent with each other and consecutive to the sentence imposed in case number 05-CR-2687 for a total prison term of two years and three months. (Docket Entries 19, 24; Tr. 16) The termination entry in case number 04-CR-2568 reflects his revocation and sentencing. (Docket Entry 24) This appeal followed.
 {¶ 5} In his first assignment, Allen contends the trial court erred in revoking his probation without conducting a hearing and sentencing him without first terminating his community control sanction on the record. The State argues that the record refutes Allen's contentions. The State argues the record demonstrates Allen was accorded a probation revocation hearing and that his probation was revoked before he was sentenced on the 2004 charges.
 {¶ 6} Allen was apprised that his revocation was based upon the following alleged violation of the condition of probation:
 {¶ 7} "You violated Rule #1, `I shall refrain from violation of any law (Federal, State, and City). I shall get in touch immediately with my Probation Officer if arrested or questioned by a law enforcement officer.' You were arrested on 7-2-05 for the offenses of domestic violence (2 counts), abduction and violating a protection order. You violated sanctions ordered by the Court as you failed to complete the Batterer's Group and you had contact with the victim, Nicole Allen as evidenced by the new criminal charges pending against you."
 {¶ 8} His court appearance of July 21, 2005 was continued at the request of Allen's counsel and occurred on September 8, 2005, at the same time Allen entered his guilty plea in case number 05-CR-2687, and after a pre-sentence investigation report was submitted to the court. Allen was apprised of his violation and afforded a hearing.
 {¶ 9} At his hearing, Allen understood that he was going to plead guilty in case number 05-CR-2687 and that his probation was going to be revoked in case number 04-CR-2568 and that the sentences would be served consecutively. (Tr. 3-4, 14-15) The court accepted his guilty plea and sentenced Allen to 15 months in case number 05-CR-2687. (Tr. 9, 14) The court also found that Allen violated his probation by committing a similar subsequent offense and failing to complete the Batterer's Group. (Tr. 13, 15) In the court's termination entry, the court specifically noted that Allen appeared in open court for sentencing "having violated the conditions of his community control granted on November 30, 2004."
 {¶ 10} The appellant's first assignment of error is Overruled.
 {¶ 11} In his second assignment, Allen contends that the trial court erred by sentencing him consecutively without specifically finding consecutive sentences were appropriate and necessary pursuant to R.C. 2929.14. Specifically, Allen contends the trial court failed to find the consecutive sentences were not "disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."
 {¶ 12} Revised Code Section 2929.14(E) states in pertinent part:
 {¶ 13} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offenderand that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger theoffender poses to the public, and if the court also finds any of the following: (Emphasis added.)
 {¶ 14} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 15} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 17} In imposing consecutive sentences the trial court stated as follows:
 {¶ 18} "THE COURT: Thank you sir. As I said previously, you were on community control sanctions. You violated those sanctions by a subsequent similar offense.
 {¶ 19} "Further, sir, I am going to find that consecutive sentences are necessary to protect the public from you and to punish you, because these are separate offenses. These are separate incidents, sir, and you've been given repeated opportunities at treatment. You don't avail yourself of them. You continue to repeat the same behavior.
 {¶ 20} "Further, sir, I will find that your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from you from future crime by you. As I said previously, this is your third domestic violence. You have three, I should say, domestic violence offenses, and you were on community control sanctions, committed a new offense.
 {¶ 21} "Therefore, after considering the purposes and principles of sentencing and the seriousness and recidivism factors, on the abduction charge, I'm going to sentence you to one year at the Correction Reception Center.
 {¶ 22} "On the domestic violence charge, I'm going to sentence you to six months at the Correction Reception Center. They will be served concurrently with one another and consecutive to the sentence in 05-CR-2687."
 {¶ 23} The State contends Allen waived the sentencing error by not objecting to the consecutive sentences imposed without the requisite statutory finding. The sentencing statute which required mandatory findings was determined to be unconstitutional in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The court held that cases pending on direct review must be remanded for new sentencing hearings not inconsistent with the court's opinion. See Foster, at 31. Accordingly, the second assignment of error is Sustained.
 {¶ 24} The Judgment of the trial court is Reversed and Remanded for re-sentencing.
Wolff, J., and Fain, J., concur.